IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                                                                                                           No. CR 11-2145 JB

CARLOS ANTONIO GONZALEZ-VERDUGO,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Sentencing Memorandum on Behalf of Defendant Carlos Antonio Gonzalez-Verdugo, filed January 12, 2012 (Doc. 33)("Sentencing Memorandum"). The Court held a hearing on January 27, 2012. The primary issue is whether the Court should sentence Defendant Carlos Antonio Gonzalez-Verdugo to 41-months imprisonment. The Court will grant the request in the Sentencing Memorandum and will sentence Gonzalez-Verdugo to 41-months imprisonment.

**PROCEDURAL BACKGROUND**

On December 19, 2011, Gonzalez-Verdugo pled guilty to an Information, filed December 19, 2011 (Doc. 28), charging a violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), that being Possession with Intent to Distribute 100 Grams and More of Heroin. See Plea Agreement ¶ 3, at 2, filed December 19, 2011 (Doc. 31). The parties recognize that Gonzalez-Verdugo may be eligible for a "safety valve" provision pursuant to 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2. Plea Agreement ¶ 5, at 3. The parties stipulate that Gonzalez-Verdugo was a minor participant in the criminal activity underlying his offense and that, pursuant to U.S.S.G. § 3B1.2, he is entitled to a

3-level reduction in his offense level. See Plea Agreement ¶ 10(a), at 5.[1] The parties also stipulate that Gonzalez-Verdugo has demonstrated acceptance of responsibility, such that he is entitled to a 3-level reduction in offense level pursuant to U.S.S.G. § 3E1.1. See Plea Agreement ¶ 10(b), at 5. Gonzalez-Verdugo agrees that he will not seek a downward departure or variance from the applicable sentencing range. See Plea Agreement ¶ 10©, at 6. He also waives the right to appeal his conviction, and any sentence within or below the applicable sentencing guideline. See Plea Agreement ¶ 14, at 8.

On December 22, 2011, the United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") on Gonzalez-Verdugo. The USPO calculates a base offense level of 30, based upon U.S.S.G. § 2D1.1(c)(5) and Gonzalez-Verdugo's possession of at least 700 grams but less than one kilogram of heroin. See PSR ¶ 18, at 5. The PSR applies a 3-level role adjustment, based upon the stipulation in the Plea Agreement to Gonzalez-Verdugo's minor role. See PSR ¶ 21, at 6. The PSR also applies a 3-level reduction in offense level based on Gonzalez-Verdugo's acceptance of responsibility and U.S.S.G. § 3E1.1. See PSR ¶ 24, at 6. Accordingly, the PSR calculates a total offense level of 24. See PSR ¶ 25, at 6. The USPO calculates a criminal history category of I, based upon 0 criminal history points. See PSR ¶ 28, at 7. A total offense level of 24 and a criminal history category of I, establishes a guideline imprisonment range of 51 to 63 months. See PSR ¶ 49, at 11. The statute of conviction, however, requires a minimum of 5-years imprisonment, establishing a guideline imprisonment range of 60

---

[1]The Court often refers to a 3-level reduction pursuant to U.S.S.G. § 3B1.2 as a minimal/minor role adjustment, because it falls between the 2-level minor role adjustment and the 4-level minimal role adjustment. The Plea Agreement refers to this 3-level reduction as a "minor participant" reduction and the Court will refer to it as a minor participant reduction in this memorandum opinion and order. Plea Agreement ¶ 10(a), at 5.

to 63 months. See PSR ¶ 49, at 11. On January 6, 2012, the USPO disclosed an Addendum to the Presentence Report ("Addendum to PSR"). The USPO asserts that the United States does not oppose Gonzalez-Verdugo receiving a safety valve reduction, which would reduce his offense level 2 levels and not expose him to the mandatory minimum. See Addendum to PSR at 1. As a result of the safety valve, Gonzalez-Verdugo's total offense level is 22. See Addendum to PSR at 1. A total offense level of 22 and a criminal history category of I, establishes a guideline imprisonment range of 41 to 51 months. See Addendum to PSR at 1.

On January 12, 2012, Gonzalez-Verdugo filed his Sentencing Memorandum. See Doc. 33. Gonzalez-Verdugo asserts that a sentence of 41 months is an appropriate sentence. See Sentencing Memorandum at 1. He argues that he has lived a law-abiding life in Mexico, that he is close to his family, and that he helps support his elderly mother. See Sentencing Memorandum at 2. He emphasizes that he has no criminal history. See Sentencing Memorandum at 3. Gonzalez-Verdugo contends that he was a courier who was given drugs in Tijuana, Mexico, and instructed to deliver the drugs to an unknown person in Chicago, Illinois. See Sentencing Memorandum at 3. He argues that a sentence of 41 months satisfies the 18 U.S.C. § 3553(a) factors and is reasonable, but not greater than necessary. See Sentencing Memorandum at 4.

On January 17, 2012, Plaintiff United States of America filed the United States' Response to Defendant's Sentencing Memorandum. See Doc. 34 ("Response"). The United States agrees that a sentence at the low end of the guideline imprisonment range is appropriate and asks that the Court impose a 41-month sentence. See Response at 1.

On January 27, 2012, the Court held a sentencing hearing. At the hearing, the United States moved for the third-level reduction for acceptance of responsibility. See Transcript of Hearing at

3:1-8 (January 27, 2012)(Court, Brawley, Robbenhaar)("Tr.").[2]  The Court asked about the minor-role reduction.  See Tr. at 3:9-22 (Court).  Gonzalez-Verdugo explained that, while living in Tijuana, drug traffickers contacted him, that he was never made aware of what drugs he was transporting, and that he complied, because he was afraid, given the reputation of drug trafficking organizations in Mexico.  See Tr. at 4:1-5:3 (Robbenhaar).  He asserted that the drug trafficking organization gave him specific instructions on where to go, which involved a stop in Los Angeles, California, before reaching Chicago, and argued that there is a larger organization at work here.  See Tr. at 5:4-21 (Robbenhaar).  The United States asserted that it is convinced that there was a larger organization involved and that Gonzalez-Verdugo was merely a courier who was involved only in this one transaction.  See Tr. at 7:5-21 (Court, Brawley).  The Court then accepted the minor-role reduction.  See Tr. at 8:6-9 (Court).  The Court also recognized Gonzalez-Verdugo's safety-valve eligibility.  See Tr. at 10:22-23 (Court).

Gonzalez-Verdugo argued that he is a fifty-six-year old man who has never before been in trouble with the law, and who, after being apprehended, cooperated with the United States as much as he could.  See Tr. at 11:21-12:1 (Robbenhaar).  He emphasized that he was experiencing financial difficulties and that he was afraid of the drug trafficking organization when he agreed to commit the offense.  See Tr. at 12:2-4 (Robbenhaar).  He contended that a 41-month sentence was appropriate and noted that the United States agrees that this sentence reflects the 18 U.S.C. § 3553(a) factors.  See Tr. at 12:5-14 (Robbenhaar).  The United States asserted that it recommends a 41-month sentence.  See Tr. at 13:18-20 (Brawley).

## ANALYSIS

---

[2]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

The Court will grant the request in the Sentencing Memorandum and will sentence Gonzalez-Verdugo to 41-months imprisonment. The Court accepts the Plea Agreement and the stipulation to the minor-role adjustment within it. There not being any disputes regarding the PSR's factual findings and guideline applications, the Court will adopt them as its own.

The Court finds that Gonzalez-Verdugo meets the criteria of 18 U.S.C. § 3553(f)(1)-(5), and the sentence will be imposed pursuant to U.S.S.G. § 5C1.2 and without regard to the statutory minimum. Applying the 2-level safety-valve reduction, the offense level is 22 and the criminal history category is I. The guideline imprisonment range is 41 to 51 months. In his Plea Agreement, Gonzales-Verdugo agrees that he will not seek a downward departure or variance from the applicable sentencing range. See Plea Agreement ¶ 10©, at 6. Both the United States and Gonzalez-Verdugo ask that the Court impose a 41-month sentence. The Court notes that Gonzalez-Verdugo possessed with intent to distribute 982.8 net grams of heroin. The Court has carefully considered the guidelines, but in arriving at its sentence has taken into account not only the guidelines, but other sentencing goals. Specifically, the Court has considered the guideline range established for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment set forth in the guidelines is appropriate for this offense. The Court then considered the sentences and ranges established by the guidelines, and the Court agrees with the parties that a 41-month sentence, at the low end of the guideline range, is appropriate.

A sentence of 41 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, and avoids unwarranted sentencing disparities between defendants with similar records who have been found guilty of similar conduct. The Court notes that Gonzalez-Verdugo has no criminal history and is fifty-six years old.

Accordingly, the Court does not need to emphasize specific deterrence, and the Court believes that this sentence adequately protects the public.  Furthermore, Gonzalez-Verdugo played a minor role in this offense, and acted at the direction of others; he was afraid of the drug trafficking organization which contacted him.  The Court ordinarily sentences defendants at the low end of the guideline range, absent aggravating circumstances, and the Court sees no reason to depart from that practice here.  This sentence is within the applicable guideline range and so will avoid unwarranted sentencing disparities among defendants with similar records who have been convicted of similar conduct.  The Court also notes that the United States agrees that this sentence is appropriate.  The Court concludes that this sentence fully and effectively reflects the 18 U.S.C. § 3553(a) factors.  While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable.  Finally, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98–473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).  Accordingly, the Court sentences Gonzalez-Verdugo to 41-months imprisonment.

**IT IS ORDERED** that the request in the Sentencing Memorandum on Behalf of Defendant Carlos Antonio Gonzalez-Verdugo, filed January 12, 2012 (Doc. 33), is granted.  The Court sentences Defendant Carlos Antonio Gonzalez-Verdugo to 41-months imprisonment.

                                                              _____
                                                              UNITED STATES DISTRICT JUDGE

*Counsel*:

Kenneth J. Gonzales
  United States Attorney
Kimberly A. Brawley
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

John F. Robbenhaar
  Federal Public Defender
Federal Public Defender's Office
Albuquerque, New Mexico

      *Attorneys for the Defendant*